UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARVEY FAIR,

     Plaintiff,

v.                                                                     Case No:   6:18-cv-878-Orl-40TBS

GREENWAY CHRYSLER-JEEP-
DODGE, INC.,

     Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Unopposed Motion to Compel Arbitration and Stay Judicial Proceedings (Doc 5). After due consideration I respectfully recommend that the motion be **granted**.

## I. Background

In February 2015, Defendant Greenway Chrysler-Jeep-Dodge, Inc. employed Plaintiff Harvey Fair as a sales consultant (Doc. 2, ¶ 5). In connection with his employment, Plaintiff signed a paper titled "Comprehensive Agreement Employment At-Will and Arbitration." (Doc. 5-1). This agreement provides, *inter alia*, for "binding arbitration to resolve all disputes that may arise out of the employment context" (Id., at 1).

Plaintiff, an African-American, alleges that while he was employed by Defendant, he was subjected "to racial mocking and harassment" (Doc. 2, ¶¶ 7, 16). Plaintiff complained to Defendant, which reprimanded some employees (Id., ¶ 10). But, Plaintiff continued to have problems at work and in April 2015 he was discharged (Id., ¶¶12-14). Plaintiff complains that Defendant unlawfully terminated his employment based on his race, and in retaliation for his demand that he be treated without discrimination (Id., ¶¶17-18, 22-23).

Plaintiff filed this case in the state court and Defendant removed it pursuant to 28 U.S.C. § 1441, contending that Plaintiff has raised a federal question under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Doc. 1, ¶ 4). Now, the parties "agree that the Arbitration Agreement is valid and enforceable and further agree to arbitrate all of the claims asserted by Plaintiff brought in this lawsuit. Plaintiff has agreed to stay these proceedings pending arbitration, and does not oppose [the pending motion]." (Doc. 5, ¶ 6).

## II. Applicable Law

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2006), is the substantive law that controls the validity and enforcement of arbitration agreements and preempts state law to the extent state law treats agreements to arbitrate differently than other contracts. Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005). The FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006).

Because arbitration is a matter of contract "a party cannot be required to arbitrate a dispute it did not agree to submit to arbitration." Wash v. Mac Acquisition of Delaware, LLC, No. 6:14-cv-1424-Orl-40TBS, 2014 WL 5173504, at *2 (M.D. Fla. Oct. 14, 2014). Whether the parties entered into an agreement to arbitrate a dispute is ordinarily an issue for judicial determination. Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 296 (2010). In deciding whether the parties agreed to arbitration, the Court applies state law governing the formation of contracts while at the same time, taking into consideration, the federal policy favoring arbitration. Caley, 428 F.3d at 1368. Agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Case 6:18-cv-00878-PGB-T_S   Document 6   Filed 06/13/18   Page 3 of 4 PageID 61

Under Florida law, the formation of an enforceable contract requires "'an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained.'" West Const., Inc. v. Florida Blacktop, Inc., 88 So. 3d 301, 304 (Fla. 4th DCA 2012) (quoting Savoca Masonry Co., v. Homes & Son Constr. Co., 542 P.2d 817, 819 (1975)).

Under Florida state law principles, when deciding a motion to compel arbitration, the Court considers: "(1) whether a valid, written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate has been waived." Senti v. Sanger Works Factory, Inc., No. 6:06-cv-1903-Orl-22DAB, 2007 WL 1174076, at *5 (M.D. Fla. April 18, 2007). The burden is on the party moving to compel arbitration to make a *prima facie* showing of the existence of an agreement to arbitrate. In re W. Wiand, No. 8:10-cv-71-T-17MAP, 2011 WL 4532070, at *4 n.13 (M.D. Fla. June 8, 2011).

"'All questions concerning scope or waiver of the right to arbitrate under contracts should be resolved in favor of arbitration rather than against it.'" Corbin v. Affiliated Computer Servs., Inc., No. 6:13-cv-180-Orl-36TBS, 2013 WL 3804862, at *12 (M.D. Fla. July 19, 2013) (quoting Zager Plumbing, Inc. v. JPI Nat. Const., Inc., 785 So. 2d 660, 662 (Fla. 3d DCA 2001)).

### III. Discussion

The parties agree that they entered into a valid and enforceable arbitration agreement which covers Plaintiff's claims against Defendant (Doc. 5, ¶ 6). Accordingly, the Court should compel arbitration.

Defendant seeks a stay of this case while the parties arbitrate this controversy. In my view, the better procedure would be to administratively close the case thereby taking it off the Court's roster of pending cases. The parties should be directed to file a report on

- 3 -

the status of their arbitration at least once every 90 days and, if necessary, they can

motion the Court at the appropriate time to dismiss with prejudice, or reopen the case.

## IV. Recommendation

Now, I **RESPECTFULLY RECOMMEND** that:

(1) Defendant's Unopposed Motion to Compel Arbitration and Stay Judicial

Proceedings (Doc. 5) be **GRANTED** to the extent it compels the parties to arbitrate this

controversy in accordance with the terms of their agreement;

(2) After the Court compels the parties to arbitrate, that this case be

administratively **CLOSED**; and

(3) The parties be required to file a status report at least once every 90 days

reporting on the status of their arbitration.

## V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 13, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record

- 4 -